UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) Case No. 1:24-cv-13445 |
| Plaintiff, | ) |
| v. | ) Judge: |
| **HALO COUNTRY LLC**, a Michigan | ) |
| limited liability company, | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **HALO COUNTRY LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant's as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

        Counts II and III utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Halo Country LLC** owns and operates the business located at 9130 Birch Run Rd. Birch Run, MI in Saginaw County known as the "Halo Burger" restaurant. Plaintiff has patronized Defendant's business and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Plaintiff has patronized Defendant's business and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The facilities owned and operated by Halo Country LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a restaurant and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff and Defendant are party to a contractual agreement for the remedy of certain barriers to handicap access at the Defendant's Halo Burger restaurant located at 9130 Birch Run Rd. Birch Run, MI. Defendant Halo Country LLC is in breach of the parties' agreement.

9. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to hand dexterity, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff patronized the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

10. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Mid-Michigan. Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in the Saginaw County region.

11. Leland Foster has at minimum seven times been a customer and visited the property that forms the basis of this lawsuit. During the Plaintiff's most recent visits on October 26, 2024, August 22, 2023, May 24, 2022, September 25, 2021, February 1, 2017 and other dates, Plaintiff encountered many architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Defendant's property, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

<u>Accessible Routes & Parking</u>

A. Designated accessible parking spaces do not include identification signs or include the International Symbol of Accessibility, in violation of the ADA and section 703.7.2.1 of the 2010 Standards whose remedy is readily achievable.

B. Signs identifying van parking spaces do not contain the designation "van accessible" and signs (if any) are not mounted 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign, in violation of the ADA and section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4 whose remedy is readily achievable.

C. In the parking lot, the access aisle does not meet the size requirements for an accessible parking stall, in violation of the ADA and section 502.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.6 whose remedy is readily achievable.

D. In the parking lot, the Access Aisle of the van parking space does not measure at 96 inches (2440 mm) wide minimum, in violation of the ADA and section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3 whose remedy is readily achievable.

E. In the winter, the Defendants have routinely plowed snow into the accessible parking spaces, rendering them unusable. Failure to maintain the accessible features of the designated accessible parking stalls is a violation of the ADA and the Compliance Standards Guidelines of the 2010 Standards and 1991 ADAAG Compliance Standards whose remedy is readily achievable.

F. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in level in excess of ¼ inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.4 whose remedy is readily achievable.

G. Ground surfaces located on the accessible route have changes in elevation in excess of ¼ inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2 whose remedy is readily achievable.

H.     At the men's public restroom entry, the sign does not include the International Symbol of Accessibility, in violation of the ADA and section 216.8 of the 2010 Standards and 1991 ADAAG section 4.30 whose remedy is readily achievable.

I.     In the men's public restroom, the Wheelchair Accessible Toilet Compartment is out of compliance, in reference to the size of compartment, in violation of the ADA and section 604.8 of the 2010 Standards and 1991 ADAAG Compliance Standards 4.1 whose remedy is readily achievable.

J.     In the men's public restroom, the operating hardware requires tight grasping, pinching, or twisting of the wrist to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.13.9 whose remedy is readily achievable.

K.     In the men's public restroom, the toilet paper dispenser is not installed within the compliant reach range, in violation of the ADA and section 604.9.6 of the 2010 Standards and 1991 ADAAG section 4.17 whose remedy is readily achievable.

L.     In the men's public restroom, the water and drain pipes under the lavatory are not adequately insulated, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4 whose remedy is readily achievable.

M.     In the men's public restroom, there is not maneuvering clearance for a forward or parallel approach at the baby changing station, in violation of the ADA whose remedy is readily achievable.

N.     There is not at least 5% of seating and standing dining surfaces that are accessible at the outdoor picnic area, in violation of the ADA and section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1 whose remedy is readily achievable.

O.     The outdoor dining surfaces at the outdoor picnic area are not on an accessible route, in violation of the ADA and section 206.2.5 of the 2010 Standards and 1991 ADAAG section 5.4 whose remedy is readily achievable.

Policies and Procedures

P.     The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

Q.     The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16.     The discriminatory violations described in Paragraph 15 by Defendant Halo Country LLC is not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefits of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.     Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The restaurant at issue, as owned and operated by **Halo Country LLC** constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Halo Country LLC owns and operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant has committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendants has failed to undertake the readily achievable barrier removal necessary to provide Mr. Foster, and others with mobility impairments, safe and accessible means of patronizing the businesses and utilizing the restroom facilities on the property.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and a advantages to disabled persons.

## COUNT III
## BREACH OF CONTRACT

27. Plaintiff restates the allegations of ¶¶1-26 as if fully rewritten here.

28. Plaintiff and Defendant entered into an agreement for the remediation of certain alleged barriers to handicap access at Defendant's Halo Burger restaurant located at 9130 Birch Run Rd. Birch Run, MI on February 20, 2023.

29. The defendant agreed to complete the remediation within one year of the execution of the contract.

30. To date the Defendant has not performed any remedial measures.

31. The Plaintiff demands specific enforcement of the parties contract which includes performance of the remedial measures and all reasonable fees, expenses and costs incurred as a result of Defendant's material breach of contract.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

For **COUNT III**, specific enforcement of the terms of the parties agreement,

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848

Email: obdjr@owendunnlaw.com